**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK TARTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-8191 |
| | ) | |
| MAGNA HEALTH SYSTEMS, et al., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are *pro se* Plaintiff Derrick Tartt's 1060-paragraph, 278-page amended complaint [123], with an additional 364 pages of supporting exhibits [124]; motion for injunctive relief voiding sale and eviction [132]; and motion for default for failure to appear and default judgment and complete service list [134]. For the reasons stated below, the Court on its own motion dismisses with prejudice all of Plaintiff's claims against Judge Posner, Judge Ripple, Judge Easterbrook, Judge Kanne, and Judge Norgle and sanctions Plaintiff pursuant to Federal Rule of Civil Procedure 11 **in the amount of $100, payable to the Clerk of Court within 28 days of the date of this order.** The Court also dismisses with prejudice all claims against Northwest Suburban Anesthesiologists, Ltd., and Northwest Community Healthcare. All of the aforementioned Defendants are terminated from this lawsuit. The Court dismisses with prejudice certain claims against Defendants Illinois Department of Human Resources, the United States of America, and the United States Departments of Labor, Justice, and Defense, as well as Individual Defendants Nagelberg, Kubik, Bridgeforth, Childs, Meshiah, Brohman, and Hucker, and law firm Defendants Kamensky, Rubenstein, Hochman & Delott and McDermott, Will & Emery. The Court dismisses the remainder of Plaintiff's amended complaint without prejudice

and gives him one final opportunity to file a complaint that states his remaining claims in compliance with Federal Rules of Civil Procedure 8(a) and 11, provided that Plaintiff also complies with the Court's order to pay the $100 sanction. Plaintiff is given 28 days from the date of this order to do so. Plaintiff's motions for injunctive relief [132] and for default judgment [134] are denied.

**I.    Background**

Plaintiff is an African American anesthesiologist and military reservist who is proceeding *pro se* in this action. In his sweeping and voluminous amended complaint [123], Plaintiff alleges that the approximately 60 named Defendants participated in a vast campaign of discrimination that began with and snowballed from an allegedly improper delay of his ROTC officer commission in the early 1980s. According to Plaintiff, over the next three decades Defendants "conspired to deny the rights and benefits of military service, civilian employment, insurance claims for person and property, breached contracts, fail[ed] to uphold duty as representative and judicial officers; committed fraud, force[d] the plaintiff into servitude, used enhancement and torture to further their cause of denying 'benefits of employment.'" [123] ¶ 8. Plaintiff seeks damages from all Defendants, see *id.* ¶¶ 7-24, as well as various forms of injunctive relief, such as vacatur of the judgments rendered in prior lawsuits in which he has been involved. See, *e.g.*, *id.* ¶¶ 12, 115, 131, 205-06, 451, 688. Plaintiff also has filed a separate motion for injunctive relief in the form of voiding sale and eviction [132], and another for default judgment against 15 Defendants who had not filed appearances as of April 2, 2014 [134].

**II.    Discussion**

    **A.    Plaintiff's Amended Complaint**

In the interest of judicial economy, see *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002), the Court has, to the extent possible in light of the prolixity and general unintelligibility of the amended complaint, see *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003), undertaken a preliminary review of Plaintiff's allegations. The Court may "on its own motion, dismiss a suit based on an affirmative defense that is apparent and unmistakable from the face of a complaint (thus rendering the suit frivolous) before the defendant files an answer." *Adams v. Rotkvich*, 325 Fed.Appx. 450, 453 n.1 (7th Cir. 2009) (citing *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002), and *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002)). The Court dismisses the claims discussed below with prejudice as patently without merit.

The remainder of Plaintiff's amended complaint – the merits of which the Court has not assessed – is dismissed without prejudice. To the extent that it may contain plausible, meritorious claims, the amended complaint's sheer volume and redundancies render it unintelligible "by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Garst*, 328 F.3d at 378; see also Fed. R. Civ. P. 8(a); *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2012). Plaintiff's 1060 allegations span nearly 300 pages and name approximately 60 Defendants, making it nearly impossible to ascertain the contours and machinations of the alleged conspiracy or conspiracies. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Garst*, 328 F.3d at 378. This rule applies to *pro se* plaintiffs just as it does to those represented by counsel. See, *e.g.*, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Plaintiff, who has a post-graduate education, is given one final opportunity to raise his surviving claims in an intelligible, short, and plain pleading as required by Federal Rule of Civil Procedure 8.

Plaintiff may submit a final amended complaint within 28 days of the date of this order. Plaintiff is cautioned that sanctions may be imposed if he persists in asserting claims that have been dismissed with prejudice.

*1.     Northwest Suburban Anesthesiologists & Northwest Community Hospital*

In November 2000, Defendant Northwest Suburban Anesthesiologists ("NSA") terminated Plaintiff's employment. *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 819 (7th Cir. 2006); see also, *e.g.*, [123] ¶¶ 107, 164, 391. As a result, Plaintiff also lost his staff privileges at Defendant Northwest Community Hospital ("the Hospital"). *Tartt*, 453 F.3d at 819. In December 2000, Plaintiff filed two lawsuits seeking relief under the Uniformed Services Employment and Re-employment Rights Act of 1994, 38 U.S.C. §§ 4301-4333 ("USERRA"), and Title VII. *Id.* "The first lawsuit, No. 00 C 7959 ('7959'), named NSA as the only defendant. The second suit, No. 00 C 7960 ('7960'), was filed against both NSA and the Hospital." *Id.* "The claims raised by the two complaints were identical." *Id.* In the 7959 and 7960 suits, Plaintiff alleged that "he entered into an employment agreement with NSA in 1993; he entered the military in 1994 and took a leave of absence from NSA; upon his return to NSA he was coerced into signing an amended employment agreement; the amended agreement denied him of retirement benefits, stock ownership, promotions, salary, training, and vacation." *Id.* at 822. All of the claims that Plaintiff alleged against the Hospital arose from his employment with NSA, which was "the exclusive provider of anesthesiology at the Hospital." *Id.* at 823. Both suits were assigned to Judge Norgle, who ultimately dismissed the 7959 case on the merits and dismissed the 7960 case on res judicata grounds. See *id.* at 820-21. Plaintiff appealed the dismissal of the 7960 case to the Seventh Circuit, and an appellate panel consisting of Judges Posner, Ripple, and Kanne affirmed Judge Norgle's ruling. See generally *id.*

In the instant suit, Plaintiff seeks to assert claims against Defendants NSA, the Hospital, and various individuals affiliated with these entities arising from the alleged injustices he endured from 1993 to 2000. See, *e.g.*, [123] ¶¶ 99, 103, 107, 122-23, 143, 145-89, 213, 517-56, 564-94, 604-07, 701-02, 838-41, 843-47, 849-68, 865,[1] 869-72, 892-93, 1007-25. (Plaintiff also seeks to assert claims against Judges Norgle, Posner, Ripple, Kanne, and Easterbrook stemming from their actions in connection with the 7959 and 7960 cases. The Court addresses these allegations below.) Most, if not all, of these claims appear to be identical to those advanced in the 7959 and 7960 suits. The Court concludes that all of Plaintiff's claims against NSA and the Hospital plainly arise from the same constellation of facts that was addressed in the 7959 and 7960 suits and accordingly are barred by res judicata.[2]

Res judicata, also known as claim preclusion, is a doctrine that protects the finality of previous judgments by preventing parties from relitigating previously resolved claims. *Palka v. City of Chi.*, 662 F.3d 428, 437 (7th Cir. 2011). Because the earlier judgments were rendered by federal courts, the Court applies the federal law of claim preclusion. *Ross ex rel. Ross v. Bd. of Educ. of Township High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). Under that law, res judicata applies if there is: "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits." *Tartt*, 453 F.3d at 822. All three of these criteria are met here.

First, Plaintiff's claims have been adjudicated to a final judgment on the merits. The 7959 suit was finally resolved on the merits by Judge Norgle in 2003, see *id.* at 822, and the

---

[1] The amended complaint contains paragraphs sequentially numbered from 1 to 894 followed by paragraphs sequentially numbered from 852 to 1060.

[2] The Court does not at this time dismiss the claims against the individual Defendants associated with NSA or the Hospital; it is not immediately apparent from the face of the amended complaint that those individuals are in privity with NSA or the Hospital. The individual Defendants are not precluded from raising a res judicata defense if Plaintiff proceeds with his claims against them.

5

Seventh Circuit concluded in 2006 that the 7960 suit was the same as the 7959 suit. See generally *id.*; see also *Bernstein v. Bankert*, 733 F.3d 190, 224 (7th Cir. 2013). Second, the causes of actions asserted against NSA and the Hospital in the instant case are the same as those asserted in Plaintiff's prior cases. "Two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Id.*; see also *Bernstein*, 733 F.3d at 226 ("Federal law defines a 'cause of action' as a core of operative facts which give rise to a remedy. Accordingly, the test for an 'identity of the causes of action' is whether the claims arise out of the same set of operative facts or the same transaction." (quotations and citation omitted)). That is, claims are the same if "the underlying allegedly wrongful events are the same." *Ross*, 486 F.3d at 283. Here, the allegedly wrongful events transpired between 1993 and 2000 and culminated with Plaintiff's termination from NSA and loss of privileges at the Hospital. These same events were the subject of Plaintiff's 7959 and 7960 suits. Even if Plaintiff seeks relief under different legal theories, res judicata prevents the relitigation of claims already litigated as well as those that could have been litigated but were not. *Palka*, 662 F.3d at 428. Finally, the parties are identical: Plaintiff sought relief from NSA and the Hospital in 2000 and seeks relief from these same entities here. Plaintiff's claims against NSA and the Hospital are precluded by res judicata and accordingly are dismissed. Defendants NSA and the Hospital are terminated from this suit.

    2. *Judge Defendants*

As the Court previously advised Plaintiff in open court, judges generally are immune from suits for money damages. See *Mireles v. Waco*, 502 U.S. 9, 9 (1991). Indeed, "[a] judge has absolute immunity for any judicial action unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "The doctrine of judicial

immunity has been embraced 'for centuries.'" *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005) (quoting *Lowe v. Letsinger*, 772 F.3d 308, 311 (7th Cir. 1985)). It confers complete immunity from suit, not merely a defense to liability. *Id.* "If a judge errs 'through inadvertence or otherwise, a party's remedy is through appellate process.'" *Id.* (quoting *Lowe v. Letsigner*, 772 F.2d 308, 311 (7th Cir. 1985)).

Here, Plaintiff alleges that Circuit Judges Posner, Easterbrook, Ripple, and Kanne conspired with District Judge Norgle (collectively the "Judge Defendants") to deny him due process in connection with the 7959 and 7960 suits. See, *e.g.*, [123] ¶¶ 451-62. Plaintiff alleges that Judge Norgle wrongfully disposed of his suits, that an appellate panel consisting of Judges Posner, Ripple, and Kanne wrongfully affirmed Judge Norgle's rulings, and that former Chief Judge Easterbrook wrongfully denied Plaintiff's judicial misconduct claim against Judge Norgle. Plaintiff has asked the Court for compensatory, liquidated, punitive, and nominal damages, and further has requested that the Court vacate the judgments in Judge Norgle's cases pursuant to Federal Rule of Civil Procedure 60.

All of the wrongs allegedly perpetrated by the Judge Defendants plainly comprised judicial actions undertaken in connection with Plaintiff's cases. See *Dawson*, 419 F.3d at 661. Accordingly, the Judge Defendants are entitled to absolute judicial immunity. Plaintiff's claims against them are frivolous. Plaintiff's claims against the Judge Defendants, including but not limited to those asserted in Counts I, II, V, XIV, XV, XVI, XVII, XX, XXI, XXII, XXXVII, XXXIX, and LX of the amended complaint, are dismissed with prejudice. The Judge Defendants are terminated from this case. The Court further sanctions Plaintiff pursuant to its authority under Federal Rule of Civil Procedure 11. See Fed. R. Civ. P. 11(b), (c). The Court previously warned Plaintiff that sanctions would be forthcoming if he continued to assert

7

frivolous claims against the Judge Defendants, and Plaintiff nonetheless pressed ahead with these claims. **Plaintiff is sanctioned in the amount of $100, payable to the Clerk of the Court within 28 days of the date of this order.** Plaintiff is cautioned that continued attempts to assert patently frivolous claims against the Judge Defendants (or any other Defendants) may result in further sanctions, up to and including dismissal of this suit.

> 3. *Illinois Department of Human Resources, United States, and United States Departments of Justice, Defense, and Labor*

In 2000, Plaintiff filed a lawsuit, No. 00 C 6481, in which he alleged that the Illinois Department of Human Resources ("IDHR"), the United States, and the U.S. Departments of Justice, Defense, and Labor (collectively "the United States") failed to properly investigate and remedy his complaints against NSA and the Hospital. Plaintiff sought relief under USERRA, Title VII, the Equal Pay Act, and other unspecified federal statutes. Judge Norgle granted IDHR's and the United States' motions to dismiss the Title VII and Equal Pay Act claims on the merits because neither IDHR nor the United States was Plaintiff's employer. See Case No. 00 C 6841, Dkt. No. 51 (N.D. Ill. May 9, 2001). (Judge Norgle dismissed Plainitff's USERRA claim against the United States on jurisdictional grounds.) To the extent that Plaintiff seeks to assert claims predicated on the same alleged failures to investigate against these same Defendants in the instant lawsuit, they are barred by res judicata and accordingly are dismissed. See *Tartt*, 453 F.3d at 822.

> 4. *Individual Defendants Nagelberg, Kubik, Bridgeforth, Childs, Meshiah. Brohman, and Hucker and law firm Defendant Kamensky, Rubenstein, Hochman & Delott and McDermott, Will & Emery*

Plaintiff alleges that various attorneys that he has enlisted or opposed over the years have conspired to commit malpractice and sabotage his lawsuits. For instance, Plaintiff alleges that Defendant Sheldon Nagelberg, who represented Plaintiff in the early 1990s, conspired with

Defendant Assistant U.S. Attorney James Kubik to lampoon Plaintiff's habeas corpus case. See [123] ¶¶ 743-45. Plaintiff also alleges that Defendants Wyvonnia Bridgeforth, James M. Childs, Jr., Elijah Meshiah, Michael Brohman, Brian Hucker, and the law firms of Kamensky, Rubenstein, Hochman & Delott and McDermott, Will & Emery committed malpractice in connection with his 7959 and 7960 cases. See *id.* ¶¶ 233, 441-42, 446-47, 751-53, 763-64, 774, 779, 784. Regardless of any merit that such claims might have, see *Tartt*, 453 F.3d at 820 n.1; [123] ¶ 437, any malpractice claims against these Defendants must be dismissed with prejudice as time-barred.

The statute of limitations on legal malpractice actions in Illinois is two years after the plaintiff knew or reasonably should have known of the injury. 735 ILCS 5/13-214.3(b). In no event may a malpractice claim be asserted more than six years after the date on which the challenged act or omission occurred. 735 ILCS 5/13-214.3(c). Here, Plaintiff seeks relief for alleged legal malpractice by these Defendants that occurred, at the latest, in 2006, more than seven years before he brought the instant lawsuit. Accordingly, any legal malpractice claims against Individual Defendants Nagelberg, Kubik, Bridgeforth, Childs, Meshiah, Brohman, and Hucker, and law firm Defendants Kamensky, Rubenstein, Hochman & Delott and McDermott, Will & Emery are time-barred and are dismissed with prejudice. Plaintiff cannot avoid this result by cloaking his malpractice claims in the language of USERRA, which, as he rightly points out, see [123] ¶ 32, does not limit the time in which claims may be brought. See 38 U.S.C. § 4327(b). Plaintiff has not alleged that any of these attorneys were his employers, or raised any plausible, non-conclusory allegations that they conspired with his employers to violate his USERRA rights. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); 38 U.S.C. §§ 4303(4), 4311, 4312, 4323.

9

### B. Motion for Default Judgment

Plaintiff has filed a motion for Default Judgment against 15 Defendants who had not entered an appearance in the case as of April 2, 2014. See [134]. This motion is denied, both as moot in light of the Court's dismissal of Plaintiff's amended complaint and as a matter of the Court's discretion. See *Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005). The Seventh Circuit generally favors adjudication of claims on their merits rather than their dismissal through default judgments, see, *e.g.*, *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009), and the Court is not inclined to render a default judgment against Defendants who may not have known that their appearance even was required in light of the Court's order holding in abeyance the filing of responsive pleadings. See [129]. The Court notes that several of the Defendants named in the motion have entered appearances in the matter, see [137]-[149], and that the claims against non-appearing Defendant Judge Easterbrook have been dismissed with prejudice.

### C. Motion for Injunctive Relief

Plaintiff also has filed a motion for injunctive relief, in which he requests that the Court "[i]ssue an injunction voiding sale and eviction from 1848 N. Sayre Ave., Chicago, IL 60607." [132] ¶¶ 9-11. This motion asserts three claims that are duplicative of several raised in Plaintiff's now-dismissed amended complaint. See *id.* Accordingly, the motion is denied. The motion also is denied on the alternative basis that Plaintiff has not demonstrated a likelihood of success on the merits of his claims. To obtain a preliminary injunction "the moving party must show that its case has 'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake Enters.*, Inc., 695 F.3d 676, 678 (7th Cir. 2012) (quoting *Ezell v. City of Chi.*, 651 F.3d 684, 694 (7th Cir.2011)). Here, Plaintiff has failed to make the threshold showing

that the claims asserted in the motion are likely to succeed on the merits. The first count, see [132] ¶ 9, does not contain a discernible claim. The second count is unlikely to succeed because the Servicemembers Civil Relief Act ("SCRA") by its terms only governs the interest rate that may be charged "during the period of military service and one year thereafter, in the case of an obligation or liability consisting of a mortgage * * * *" 50 App'x U.S.C. § 527. The SCRA does not place a cap on the interest rate that may be charged at the outset of a mortgage, or at any time after the servicemember's active service ends. More importantly, a servicemember seeking the protection of § 527 must "provide to the creditor written notice and a copy of the military orders calling the servicemember to military service and any order further extending military services, not later than 180 days after the date of the servicemember's termination or release from military service," 50 App'x U.S.C. § 527(b)(1), and there is no indication in any of Plaintiff's submissions that he tendered the requisite notice to any Defendant at any time. Finally, the third count is unclear as to what sort of discrimination Plaintiff suffered, what provisions of the cited statutes that Defendant BMO Harris Bank allegedly violated, how any violations were connected to the foreclosure, or why Plaintiff was unable to raise these claims in his state court foreclosure action.

The Court also notes that the relief sought in this motion may best be provided by a state appellate court; the general rule is that the Court lacks jurisdiction to adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

### III. Conclusion

For the reasons stated above, the Court on its own motion dismisses with prejudice all of Plaintiff's claims against Defendant Judges Posner, Ripple, Easterbrook, Kanne, and Norgle, and sanctions Plaintiff **in the amount of $100, payable to the Clerk of Court within 28 days of the date of this order.** The Court also dismisses with prejudice the claims against Northwest Suburban Anesthesiologists, Ltd. and Northwest Community Healthcare. All of the aforementioned Defendants are terminated from this lawsuit. The Court also dismisses with prejudice certain claims against the Illinois Department of Human Resources, the United States of America, and the United States Departments of Labor, Justice, and Defense, as well as Individual Defendants Nagelberg, Kubik, Bridgeforth, Childs, Meshiah, Brohman, and Hucker, and law firm Defendants Kamensky, Rubenstein, Hochman & Delott and McDermott, Will & Emery. The Court dismisses the remainder of Plaintiff's amended complaint without prejudice and gives him one final opportunity to file a complaint that complies with Federal Rules of Civil Procedure 8(a) and 11, provided that Plaintiff also complies with the Court's order to pay the $100 sanction. Plaintiff is given 28 days from the date of this order to do so. Plaintiff's motions for injunctive relief [132] and for default judgment [134] are denied.

Dated: August 19, 2014

_____
Robert M. Dow, Jr.
United States District Judge