**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK TARTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-8191 |
| | ) | |
| MAGNA HEALTH SYSTEMS, *et al.*, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Plaintiff Derrick Tartt's 47-page Fourth Amended Complaint [200], with an additional 914 pages of supporting exhibits [210, 211, 212]; motion to submit evidence in support of amended complaint [209]; motion for an "overview" of the case [214]; motion for injunctive relief [219]; and motion to correct military commission, receive benefits of employment and compensation from the U.S. Army [222]. The Court grants Plaintiff's motion to submit evidence in support of amended complaint [209] and motion for an "overview" of the case [214] and has considered the supporting exhibits [210], [211], and [212]. For the reasons stated below, the Court on its own motion dismisses with prejudice all of Plaintiff's claims in his Fourth Amended Complaint [200]. Plaintiff's motions [219] and [222] are denied. The Court will issue a final judgment and close the case.

**I.     Background**

In his Fourth Amended Complaint [200], Plaintiff, who is proceeding *pro se* in this action, states that he is an African American anesthesiologist and military officer. Plaintiff alleges that the approximately 50 named Defendants[1] discriminated against him as part of a

---

[1] The Defendants named in Plaintiff's amended complaint include:

"conspiracy involving virtually every discriminatory statute or law including the Constitution and intent of Congress, [and] precedent of the Supreme Court[.]" [210, at i.] Plaintiff contends that all claims arise out of a contract that he entered into with Defendant the United States Army, Early Commission ROTC Program in August 1978. [200, at ¶¶ 8, 9.] According to Plaintiff, his ROTC officer commission was improperly delayed from 1980 to 1982, "thus denying benefits of employment – pension, rank and retirement." [200, at ¶ 24.] Plaintiff seeks a myriad of damages, including:

> A) back pay for Reserve duties from May 1980 until present; B) promotion for 35 years of service; C) qualified retirement. D) willful liquidated damages in accordance USERRA, for discrimination, conspiracy and negligence. E) reinstatement in employment position/rank entitled. F) rescission of fraudulent agreement, 1997 contract or agreement for breach of contract, G) correction of commission to May 1, 1980, H) recover of Home at 1848 N Sayre Ave., Chicago, IL 60707, I) punitive damages to punish or deter the misconduct, J) sanction Judges Norgle, Clerk and Darrah, K) sanction attorneys Hucker and Brohman perjury and filing false claims, L) attorney fees 14 million for <u>prior</u> frivolous litigation, M) appointment of litigation counsel, N) damages for Civil Rights violations, O) sanctions for malpractice and liability, plaintiff's attorneys Nagelberg, Bridgeforth, Childs, Jr., Meshiah, Herrick, and Bruzgul, P) all defendants equally liable in the conspiracy to deny benefits of employment and Q) cease and desist order or injunction prohibiting torture and violation of

---

Magna Health Systems, Ambulatory Anesthesiologist of Chicago, 900 N. Michigan Surgery Center, Drs. Nader Buzorgi, Jay Koikemeister, Pamela Hansford, DuPage Orthopedic Surgery Center, Drs. Andershak, Northwestern Suburban Anesthesiologist, LTD, Attorney M. Brohman and Kamensky Rubenstein, Hochiman & Deloit Law Firm, Drs. Phil Williams, Michael Marx, Cynthia Valukas, Manoharial Awatrimani, Robert Bartolone and Trever DeSilva, Northwest Community Healthcare, Attorney Brian Hucker, McDermont, Will & Emory Law Firm, Bruce Crowthers, and Dr. Donald Pochyly, American Medical Association (AMA) Insurance, Health Care Service Corporation (HCSC) (Blue Cross Blue Shield), United Services Automobile Association (USAA) Insurance, CCA Restoration, Continental Anesthesia, United States of America, Departments of Defense, Commerce, Justice, Labor Treasury / IRS and Secretary of the Army, Judge Charles Norgle, Mr. Robert Wilson, Ms. Dotress Reeves, Ms. Janet Granger, Assistant US Attorney James Kubik, Illinois Attorney General, Illinois Department of Human Rights, Illinois Department of Insurance, James Childs, Jr., Elijah Meshiah, Wyvonnia Bridgeforth, Steven Herrick, Sheldon Nagelberg, JoAnne Bruzgul and BMO Harris Bank.

[200, at ¶ 2 (ambiguities and misspellings in original).]

plaintiff's constitutional rights by the USA or any defendant or anyone acting on their behave, R) set a briefing schedule so the truth can be litigated not the fabricated, frivolous truth. S) any other award deem appropriate by this court.

[200, at ¶ 407 (emphasis and errors in original).] Plaintiff has also filed a separate motion for injunctive relief, requesting "issuing or hearing and discovery on the merits to prevent the continued use of torture, abuse, enhancement and psychotronic [sic] techniques, denial of control [sic] substance and medical license and other illegal action[s] in violation of the US Constitution, federal and state laws by Magna Health Systems et. al. [sic] against Derrick B. Tartt[.]" [219, at ¶ 1.] Finally, Plaintiff has filed a "motion to correct military commission, receive benefits of employment and compensation from the US [sic] Army." [222.]

On August 19, 2014, the Court dismissed the claims in Plaintiff's Second Amended Complaint [123],[2] some with prejudice and some without prejudice, and stated that Plaintiff would be granted one final opportunity to file a complaint that states his remaining claims in compliance with Federal Rules of Civil Procedure 8(a) and 11. [158, at 2.] Plaintiff has since filed a Third Amended Complaint [186] on October 14, 2015, corrections to this Third Amended Complaint on November 12, 2015 [192], and a Fourth Amended Complaint [200] on April 20, 2016. On May 12, 2016, the Court granted Plaintiff's motion [203] for leave to file an amended complaint. [207.] Thus, the Fourth Amended Complaint [200] is the operative complaint currently before the Court.

## II. Discussion

### A. Plaintiff's Fourth Amended Complaint

In the interest of judicial economy, the Court has undertaken a preliminary review of the allegations in Plaintiff's Fourth Amended Complaint. "[W]hen the existence of a valid

---

[2] Plaintiff filed his original complaint [1] on November 14, 2013 and his First Amended Complaint [57] on December 5, 2013.

affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (citations omitted); see also *Gleash v. Yuswak*, 308 F.3d 760–61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss * * * . It was sensible to stop the suit immediately, saving time and money for everyone concerned."). The Court will address Plaintiff's claims to the extent possible, given the prolixity and occasional unintelligibility of the amended complaint and supporting exhibits. See *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Although a district court is "not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, * * * dismissal of a complaint on the ground that it is unintelligible is unexceptional." *Id.* (internal citations and quotation marks omitted). Here, the Court dismisses all claims with prejudice for the reasons discussed below.

1. *Northwest Suburban Anesthesiologists & Northwest Community Hospital*

In his Fourth Amended Complaint, Plaintiff brings claims against Defendant Northwest Suburban Anesthesiologists ("NSA") and Defendant Northwest Community Hospital ("the Hospital") for violations of the Uniformed Services Employment and Re-employment Rights Act of 1994, 38 U.S.C. §§ 4301-4333 ("USERRA"), civil rights violations, fraud, conspiracy, and breach of contract, among other allegations, all arising from the delay of his commission and the alleged injustices he endured as a result of the delay. [See, *e.g.*, 200, at ¶¶ 32, 36–37, 41, 43–51, 54–57, 60, 62, 65, 70, 88–90, 232–260, 304, 314, 319, 325, 361–62.] However, the Court

previously dismissed with prejudice all claims against NSA and the Hospital and terminated these Defendants from Plaintiff's lawsuit.[3]  [158, at 1.]

As the Court previously explained in dismissing Plaintiff's Second Amended Complaint, Plaintiff's claims against NSA and the Hospital are barred by res judicata because all of Plaintiff's claims against these Defendants arise out of the same constellation of facts that were addressed in Plaintiff's previous lawsuits.  [158, at 4–6.]  "Res judicata, or claim preclusion, bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits."  *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (citation and internal quotation marks omitted).  All three of these criteria are met here.

As Plaintiff acknowledges in his Fourth Amended Complaint, he filed two lawsuits in December 2000 seeking relief under the Uniformed Services Employment and Re-employment Rights Act of 1994, 38 U.S.C. §§ 4301-4333 ("USERRA"), and Title VII after NSA terminated Plaintiff's employment and Plaintiff lost his staff privileges at the Hospital.  [200, at ¶¶ 88–90]; see also *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 819 (7th Cir. 2006).  The claims raised by these two suits were identical, although the first named only NSA as a defendant and the second named both NSA and the Hospital as defendants.  *Tartt*, 453 F.3d at 819.  Plaintiff alleged that "he entered into an employment agreement with NSA in 1993; he entered the military in 1994 and took a leave of absence from NSA; upon his return to NSA he was coerced into signing an amended employment agreement; the amended agreement denied him of retirement benefits, stock ownership, promotions, salary, training, and vacation."  *Id.* at  822.  All of the claims that Plaintiff alleged against the Hospital arose from his employment with NSA, which was "the

---

[3] The Court also cautioned Plaintiff that sanctions, including dismissal of his suit, may be imposed if he persisted in asserting claims that have been dismissed with prejudice.  [158, at 4.]

exclusive provider of anesthesiology at the Hospital." *Id.* at 823. Judge Norgle dismissed the first case on the merits and dismissed the second case on res judicata grounds. See *id.* at 820-21. The Seventh Circuit affirmed. *Id.* at 823.

Thus, Plaintiff's claims have been adjudicated to a final judgment on the merits. Additionally, the claims asserted against NSA and the Hospital in the instant case are the same as those asserted in Plaintiff's prior cases. "Two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011) (citation and internal quotation marks omitted). All of Plaintiff's claims against NSA and the Hospital—in both his previous lawsuits and in this present litigation—arise out of Plaintiff's termination from NSA and loss of privileges at the Hospital. Even if Plaintiff seeks relief under different legal theories, res judicata prevents the relitigation of claims already litigated as well as those that could have been litigated but were not. *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). Finally, the parties are identical: Plaintiff sought relief from NSA and the Hospital in 2000 and seeks relief from these same entities here. [158, at 6.] For these reasons, all claims against NSA and the Hospital are dismissed with prejudice.

> 2. *Individual Defendants Associated with NSA or the Hospital: Defendants Dr. Phil Williams, Dr. Robert Bartolone, Dr. Trever DeSilva, Dr. Michael Marx, Dr. Cynthia Valukas, Dr. Manoharial Awatrimani, Dr. Andershak, Dr. Bruce Crowthers and Dr. Donald Pochyly*

Plaintiff also asserts the following allegations against various doctors whom he alleges or implies are associated with NSA or the Hospital.[4] He contends that Defendants Dr. Phil Williams and Dr. Robert Bartolone are military officers and that, along with Defendant Dr.

---

[4] When the Court previously dismissed with prejudice all claims against NSA and the Hospital, the Court noted that it was not immediately apparent from the face of the complaint that the individual Defendants associated with NSA or the Hospital were in privity with NSA or the Hospital. Thus, the Court did not at that time dismiss the claims against the individual doctors under res judicata. [158, at 3 n.2.]

Trever DeSilva, they "torture[d], abuse[d], [and] exposed to agents to attempt to cause Plaintiff to resign from employment between December 9, 1996 and November 30, 2000." [200, at ¶¶ 66–67; see also ¶¶ 258, 307; 210, at 22–23.] Plaintiff further contends that in January 1997, Defendants Dr. Bartolone, Dr. Williams, Dr. Michael Marx, Dr. Cynthia Valukas, Dr. Trever DeSilva, and Dr. Manoharial Awatrimani willfully denied Plaintiff benefits of employment in violation of USERRA and violated his civil rights, and Dr. Williams and Dr. Bartolone "used cruel and unusual punishment to violate Plaintiff's US Constitutional rights to deny benefits of employment." [200, at ¶¶ 258, 307, 331.] Defendant Dr. Awatrimani allegedly used his position as Chair of the Hospital's Anesthesia Department to deny benefits of employment. [200, at ¶ 68.]

Further, Plaintiff alleges that in 2008, Defendant Dr. Andershak, a military officer, willfully conspired to implant a foreign device to torture and abuse Plaintiff and conspired to deny Plaintiff's constitutional rights. [200, at ¶¶ 332–33, 350.]

Additionally, Defendants Dr. Bruce Crowthers and Dr. Donald Pochyly allegedly conspired with the Hospital, Attorney Brian Hucker, and McDermott, Will & Emery[5] law firm to violate USERRA, discriminated to deny benefits of employment, committed fraud, filed false claims, and committed perjury. [200, at ¶¶ 27–28.] Defendants Dr. Pochyly and Dr. Crowthers used their positions as vice president and president of the Hospital to deny benefits of employment and violate Plaintiff's civil rights. [200, at ¶ 69, 308.] Defendants Dr. Crowthers and the Hospital failed to provide Plaintiff the right to practice between August 15, 1994 and December 9, 1996, and Defendants Dr. Pochyly and the Hospital fraudulently denied promotion on December 9, 1996. [200, at ¶¶ 236–37.]

---

[5] The claims against Defendants Brian Hucker and McDermott, Will & Emery are discussed below.

In the Court's previous opinion [158], the Court gave Plaintiff, who has a post-graduate education, "one final opportunity to file a complaint that states his remaining claims in compliance with Federal Rules of Civil Procedure 8(a) and 11." [158, at 2–3.] Despite multiple opportunities to do so, Plaintiff still fails to state a claim for relief. To avoid dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6), a complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's allegations against these individual Defendants associated with NSA and the Hospital are nothing more than conclusory statements that Defendants violated Plaintiff's rights. Plaintiff does not present the factual basis on which his claims are premised and thus has failed to give Defendants adequate notice of the claims against them. Plaintiff does not provide any detail about what actions these individual Defendants took that allegedly denied Plaintiff the benefits of employment, how Defendants Dr. Awatrimani, Dr. Pochyly, and Dr. Crowthers used their positions at the Hospital to deny benefits of employment, or how Defendant Dr. Andershak allegedly conspired to implant a foreign torture device. Even given the liberal standard with which we review pro se filings, see *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016),

Plaintiff has not stated a valid federal claim against these Defendants. Thus, Plaintiff's claims against these individual Defendants are dismissed with prejudice for failure to state a claim in accordance with Rule 12(b)(6) and Rule 8(a).[6] See *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("We have interpreted *Twombly* and *Iqbal* to require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the complaint." (quoting *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009))); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (noting that "a complaint must contain something more than a general recitation of the elements of the claim"); *Spurgetis v. Nat'l Ass'n of Recording Arts & Scis., Inc.*, 979 F.2d 853 (7th Cir. 1992) (affirming the district court's dismissal of a complaint that was "incoherent and lacking in the presentation of any recognizable legal claim" and noting that "[a]lthough *pro se* litigants are not held to the same standard as counseled litigants, they are not immune from dismissal where the [filing] submitted contains no identifiable argument" (citation and internal quotation marks omitted)). Finally, the Court notes that Plaintiff has been given numerous opportunities to replead yet has still failed to state a claim upon which relief can be granted. Plaintiff is not entitled to unlimited chances to bring a valid claim. *Doe v. Howe Military Sch.*, 227 F.3d 981, 990 (7th Cir. 2000) ("[P]leading is not like playing darts: a plaintiff can't keep throwing claims at the board until she gets one that hits the mark.").

> 3. *Employment Discrimination Claims: Defendants Magna Health System's Ambulatory Anesthesia of Chicago, 900 N. Michigan Surgery Center, DuPage Orthopedic Surgery Center, Dr. Nader Buzorgi, Dr. Jay Koikemeister, Dr. Pamela Hansford, and Continental Anesthesia*

---

[6] Further, the Court notes that even if Plaintiff did state a claim for relief, most, if not all, of his claims would likely be time-barred by the applicable statute of limitations. Plaintiff acknowledges that his employment relationship with NSA and the Hospital terminated in 2000. [200, at ¶ 36.] The acts that form the basis for his complaints allegedly occurred between 1994 and 1996 for Defendants Dr. Crowthers and Dr. Pochyly, in 1997 for Defendants Dr. Marx, Dr. Valukas, and Dr. Awatrimani, between 1996 and 2000 for Defendants Dr. Williams, Dr. Bartolone, and Dr. DeSilva, and in 2008 for Defendant Dr. Andershak. [See 200, at ¶¶ 66–67, 307, 332–33, 350.] Thus, Plaintiff is seeking relief for acts which allegedly took place at least five and at most nineteen years before he filed the instant lawsuit in 2013.

Plaintiff alleges that in August 2001 he sought employment with Defendant Magna Health System's Ambulatory Anesthesia of Chicago ("AAOC"). [200, at ¶ 123.] Magna/AAOC offered him full-time employment, but "at less pay than most recent hire." [200, at ¶ 124.] Plaintiff agreed to work as an independent contractor, and he continued to discuss full-time employment with Magna/AAOC until 2007. [200, at ¶¶ 125–27.] In May 2007, Magna/AAOC hired Plaintiff as a full-time employee "with prerequisite to receive equal pay of one year." [200, at ¶ 128.] Plaintiff contends that in July 2008, he did not receive a bonus, so in August 2008, he met with Defendant Dr. Jay Koikemeister to discuss bonuses at Magna/AAOC. [200, at ¶¶ 135–36.] Defendant Dr. Koikemeister allegedly stated that the bonus was delayed because his partner, Defendant Dr. Nader Buzorgi, was out of town. However, at the end of the meeting, Dr. Koikemeister stated "there were no bonuses." [200, at ¶¶ 137–38.] Plaintiff alleges that his pay did not increase to the level of other full-time employees and that Defendant "Dr. Koikemeister initial hiring had a disparaging impact." [200, at ¶¶ 139–40.] He also alleges that Defendant Dr. Pamela Hansford was hired prior to Plaintiff and received a bonus and that Defendant Dr. Hansford "as scheduler had disparaging impact and discriminated in assigning scheduled for call and daily assignments." [200, at ¶¶ 130, 149.]

In November 2008, Plaintiff filed a claim with the Department of Labor alleging "discrimination in initial employment, during employment." [200, at ¶ 142.] In May 2009, Magna/AAOC "gave notice of downsizing Plaintiff as an employee i.e. terminate or independent contractor despite hiring 3 new employees." [200, at ¶ 147.] Plaintiff alleges that Magna/AAOC discriminated against him for filing a complaint and for filing previous lawsuits against NSA and the Hospital in violation of Plaintiffs civil rights and USERRA, conspired to deny benefits of

employment in violation of USERRA, conspired with Defendant DuPage Orthopedic Associates[7] to discriminate during employment. [200, at ¶ 150.]

Plaintiff alleges that in July 2002, Defendant Continental Anesthesia hired Plaintiff as an independent contractor and refused full-time employment, but required Plaintiff to practice as a full-time employee without full-time benefits in September 2002. [200, at ¶¶ 155–56.] In December 2002, Defendant Continental Anesthesia allegedly "has a disparaging impact with initial hiring, employment and termination" while Plaintiff was recovering from surgery. [200, at ¶ 157.] Plaintiff contends that Defendant Continental Anesthesia retaliated against him for filing previous claims in violation of USERRA and violated his civil rights. [200, at ¶¶ 158–59.]

Further, Plaintiff lists as a defendant 900 N. Michigan Surgery Center but does not give any detail as to his complaint against this defendant. [See 200, at ¶ 2.]

Plaintiff's claims against these Defendants fail for multiple reasons. First, in order to bring a suit in federal court under Title VII for discrimination or retaliation, a plaintiff must have filed a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful employment practice detailing the incidents forming the basis of the plaintiff's allegations. 42 U.S.C. § 2000e-5(e); *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015); see also *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 636 (7th Cir. 2004) ("In Illinois, an employee may sue under the ADEA or ADA only if he files a charge of discrimination with the EEOC within 300 days of the alleged 'unlawful employment practice.'"). The primary purpose of this EEOC charge requirement is to give the EEOC and the employer a chance to settle the dispute and to give the

---

[7] Plaintiff lists DuPage Orthopedic Surgery Center as a defendant, [200, at ¶ 2], but does not refer to a defendant by this name anywhere else in the complaint. The Court assumes that Plaintiff's one reference to "Orthopedic Associates of DuPage" is meant to refer to the same Defendant as "DuPage Orthopedic Surgery Center." The Court notes that any claims against this Defendant, or these Defendants, fail, regardless of whether or not they are the same entity.

employer notice of the employee's grievances. *Huri*, 804 F.3d at 831. Plaintiff does not allege that he filed a timely charge with the EEOC as required, and thus Plaintiff's claims are dismissed with prejudice for failure to exhaust administrative remedies. Additionally, to the extent that Plaintiff brings his claims under the Age Discrimination in Employment Act,[8] Plaintiff was required to bring this suit within two years of the alleged discrimination. See 29 U.S.C. § 626(e)(1); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 77 (7th Cir. 1992). Plaintiff alleges that Magna/AAOC terminated him in 2009, and Plaintiff filed this lawsuit in November 2013, thus his age discrimination claim is time-barred.

Further, Plaintiff's employment discrimination claims against these Defendants fail to state a claim under Rule 12(b)(6) and Rule 8(a). Plaintiff alleges employment discrimination, but it is unclear what type of discrimination he is alleging. Plaintiff references everything from Title VII to the Equal Pay Act and the Age Discrimination Act, [see 200, at ¶ 4], but it is not apparent from the face of the complaint which Defendants violated which provisions of which statute. Additionally, parts of Plaintiff's Fourth Amended Complaint related to these Defendants are incomprehensible, such as Plaintiff's allegation that "[o]n or about May 2007, Magna/ AAOC hire as full- time employee with prerequisite to receive equal pay of one year," and that other employees were hired without prerequisites. [See 200, at ¶ 128–129, 134, 141.] It is unclear what prerequisite Magna/AAOC required of Plaintiff and why this was problematic. See *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("It is even possible to justify dismissal with prejudice if the complaint remains incomprehensible after opportunity to amend."). And any claims against Defendant 900 N. Michigan Surgery Center must be dismissed because Plaintiff alleges no conduct on the part of this Defendant. *Potter v. Clark*, 497 F.2d 1206, 1207

---

[8] Plaintiff brings Count 26 under the "Age Discrimination Act" and alleges that in June 2009, Defendant Magna/AAOC "willfully conspired to 'downsized' terminated without cause in violation of Age Discrimination Act." [200, at ¶ 375.]

(7th Cir. 1974) (affirming dismissal for failure to state a claim upon which relief could be granted and explaining that "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"). Therefore, any claims against Defendants Magna Health System's Ambulatory Anesthesia of Chicago, 900 N. Michigan Surgery Center, DuPage Orthopedic Surgery Center, Dr. Nader Buzorgi, Dr. Jay Koikemeister, Dr. Pamela Hansford, and Continental Anesthesia are dismissed with prejudice.

### 4. Judge Defendants

The Court dismisses with prejudice all claims against Defendant Judge Norgle and all Judge Defendants. As the Court previously advised Plaintiff in open court and again in dismissing with prejudice Plaintiff's claims against judges in his Second Amended Complaint, "[a] judge has absolute immunity for any judicial action unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Plaintiff alleges that Judge Norgle of the Northern District of Illinois violated USERRA, violated Plaintiff's due process rights, conspired with defense attorneys to deny Plaintiff's benefits of employment in violation of civil rights and USERRA, and deprived Plaintiff of various Constitutional rights by wrongfully disposing of Plaintiff's lawsuits. [See, *e.g.*, 200, ¶¶ 183–89, 209, 314, 351.] Further, Plaintiff's Fourth Amended Complaint makes similar allegations against other judges but does not name these judges as defendants in the lawsuit. [See, *e.g.*, 200, ¶¶ 2, 395–402.] For example, Plaintiff seeks sanctions and impeachment of Judge Darrah and Judge Lefkow in "Count 31 Tampering with Lawsuit." Plaintiff alleges that "On or about November 14, 2013, Judge John Darrah file this case 8191 with a copy (with an X) of the original 7907 claim filed on

November 4, 2013," [200, at ¶ 395], that "Judge Lefkow dismissed with prejudice 8191, sighting [sic] the prior filing of 7907," [200, at ¶ 397], and that "[t]his is identical to Judge Norgle dismissal of two similar lawsuit he believed to be identical and dismissing both lawsuits with prejudice barring both for res judicata (7959 & 7960)," [200, at ¶ 398].

All of the wrongs allegedly perpetrated by Judge Norgle (and any other Judge Defendants, to the extent they are actually defendants in this action) plainly comprise judicial actions undertaken in connection with Plaintiff's cases. See *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) ("Judicial immunity extends to acts performed by the judge 'in the judge's *judicial capacity*.'" (citation omitted)). Accordingly, the Judge Defendants are entitled to absolute judicial immunity. Plaintiff's claims against them are frivolous and are dismissed with prejudice.[9]

> 5.   *Illinois Department of Human Rights, United States, United States Departments of Justice, Defense, Labor, Commerce, Secretary of the Army, and Individual Defendants Wilson, Reeves, and Granger*

In his Fourth Amended Complaint, Plaintiff alleges that the Illinois Department of Human Rights ("IDHR"), the United States, and the U.S. Departments of Justice, Defense, and Labor (collectively "the United States") failed to properly investigate and remedy his complaints against NSA and the Hospital. [See, *e.g.*, 200, at ¶¶ 38–41, 79–80, 82, 84, 87, 148, 197, 199, 201, 203, 257, 278–281, 314, 329, 340, 369.] The Court has already dismissed with prejudice these exact claims against these Defendants as barred by res judicata. [158, at 8.]

Plaintiff acknowledges that he has previously filed a lawsuit against the United States and the Illinois Department of Human Rights bringing these same claims of failure to investigate.

---

[9] Although the Court previously sanctioned Plaintiff under Rule 11 for repeatedly advancing frivolous claims against immune defendants—and warned of possible further sanctions for continuing the same behavior—the Court declines to pile on any additional sanctions given that it is dismissing the case with prejudice and entering a final judgment.

[200, at ¶ 38, 87.]  In 2000, Plaintiff filed a lawsuit, No. 00 C 6481, in which he alleged that the Illinois Department of Human Resources, the United States, and the U.S. Departments of Justice, Defense, and Labor failed to properly investigate and remedy his complaints against NSA and the Hospital.  Plaintiff sought relief under USERRA, Title VII, the Equal Pay Act, and other unspecified federal statutes.  Judge Norgle granted IDHR's and the United States' motions to dismiss the Title VII and Equal Pay Act claims on the merits because neither IDHR nor the United States was Plaintiff's employer. See Case No. 00 C 6481, Dkt. No. 51 (N.D. Ill. May 9, 2001).  Judge Norgle dismissed Plainitff's USERRA claim against the United States on jurisdictional grounds.  As the Court previously explained in dismissing these claims against these Defendants, because Plaintiff seeks to assert claims predicated on the same alleged failures to investigate against these same Defendants in the instant lawsuit, they are barred by res judicata and accordingly are dismissed.  [See 158, at 8.]

In his Fourth Amended Complaint, Plaintiff adds claims against Department of Labor investigator Defendant Dotress Reeves, Defendant Janet Granger, and Defendant Chief Department of Labor Investigator Defendant Robert Wilson, who allegedly "violated plaintiff's constitutional rights" by producing and approving "the fraudulent DOL conclusion letter," [200, at ¶¶ 347–49], when Defendant Department of Labor "willfully conspired to deny benefits of USERRA for military service resulting in harm constituting a basis of this lawsuit," [200, at ¶ 340.]  These conclusory statements do not raise a plausible claim upon which relief can be granted.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007))); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir.

2010) ("[a]bstract recitations of the elements of a cause of action or conclusory legal statements do nothing to distinguish the particular case that is before the court from every other hypothetically possible case in that field of law" (internal citation and quotation marks omitted)). Thus any claims against Defendants Reeves, Granger, and Wilson are dismissed with prejudice pursuant to Rule 8 and Rule 12(b)(6).

Defendant also adds claims against the Department of Commerce and the Secretary of the Army but only mentions these Defendants once in the complaint. Plaintiff contends that the "US Department of Commerce failed to perform the duties was willful breach of contract" [200, at ¶ 202] and that "[o]n or about from 1983-1993 [sic] Plaintiff attempted to have commissioning [sic] date change through the US Army, Congressional liaison, Secretary of the army without success" [200, at ¶ 229]. These conclusory statements does not raise a plausible claim upon which relief can be granted. Thus any claims against the Department of Commerce and the Secretary of the Army are dismissed with prejudice pursuant to Rule 8 and Rule 12(b)(6).

Finally, Plaintiff adds the Illinois Attorney General as a Defendant. However, Plaintiff only lists the Illinois Attorney General as a Defendant and does not give any detail as to his allegations against this Defendant, [see 200, at ¶ 2], thus any complaint against the Illinois Attorney General fails under Rule 8 and Rule 12(b)(6). See *Potter*, 497 F.2d at 1207 (affirming dismissal for failure to state a claim upon which relief could be granted and explaining that "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"). Additionally, Plaintiff's supporting exhibits show that the Illinois Attorney

General was also a defendant in Plaintiff's previous lawsuit for failure to investigate, No. 00 C 6481, thus his claim is also barred by res judicata. [211, at 297, 314.]

> 6. *Individual Defendants Sheldon Nagelberg, James Kubik, Wyvonnia Bridgeforth, James Childs, Jr., Elijah Meshiah, M. Brohman, Brian Hucker, Steven Herrick, JoAnne Bruzgul, and law firm Defendants Kamensky, Rubenstein, Hochman & Delott and McDermott, Will & Emery*

Plaintiff alleges that various attorneys and law firms that he has enlisted or opposed over the years have conspired to commit malpractice and sabotage his lawsuits. [See 200, at ¶¶ 20, 25, 26, 120, 185, 198, 239–241, 309, 314, 391–92.] However, the Court previously dismissed with prejudice these claims against the majority of these Defendants, specifically individual Defendants Nagelberg, Kubik, Bridgeforth, Childs, Meshiah, Brohman, and Hucker, and law firm Defendants Kamensky, Rubenstein, Hochman & Delott and McDermott, Will & Emery. [158, at 8–9.] As the Court previously explained, [158, at 9], any malpractice claims against these Defendants are time-barred by the two-year statute of limitations for legal malpractice actions, as the alleged malpractice by these Defendants occurred in 2006, at the latest, which is more than seven years before Plaintiff brought the instant suit. See 735 ILCS 5/13-214.3(b) (a legal malpractice action "must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought"); 735 ILCS 5/13-214.3(c) (a legal malpractice action "may not be commenced * * * more than 6 years after the date on which the act or omission occurred"). The Court also previously explained that Plaintiff cannot avoid the statute of limitations by cloaking his malpractice claims in the language of USERRA, which, as he rightly points out, [200, at ¶ 222], does not limit the time in which claims may be brought. [158, at 9]; 38 U.S.C. § 4327(b). Plaintiff has not alleged that any of these attorneys were his employers, or raised any plausible, non-conclusory allegations that they conspired with his employers to violate his USERRA rights. See *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007))); 38 U.S.C. §§ 4303(4), 4311, 4312, 4323.

In his Fourth Amended Complaint, Plaintiff adds claims against two additional individual attorneys. Defendant Steve Herrick allegedly "committed fraud, malpractice and breach of contract as Plaintiff's attorney between April 2010 and July 2012," (though it is unclear from the amended complaint which of Plaintiff's many lawsuits he is referring to at this point). [See 200, at ¶¶ 182; see also 198, 309, 314.] Defendant Joanne Bruzgul, allegedly "committed malpractice in refusing to forward [Plaintiff cases related to BMO Harris Bank, discussed below] to district court, withholding information or showing court qualified for loan." [200, at ¶¶ 167; see also 198, 309, 314.] It is unclear from the complaint when the allegedly wrongful actions of Defendant Bruzgul took place.[10] However, to the extent that these claims are not time-barred, they are dismissed with prejudice for failure to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555 (citation and internal quotation marks omitted). Plaintiff's conclusory allegations do not state a cognizable claim against Defendants Herrick and Bruzgul, thus these claims are dismissed with prejudice.

---

[10] For example, in discussing the facts surrounding Defendant Bruzgul's alleged malpractice, Plaintiff States: "US Treasury open an investigation [into BMO Harris Bank's alleged discrimination in violation of USERRA and violation of the Equal Credit Opportunity Act] in December 2012 and stated Plaintiff qualified for mortgage but closed the case January 2010 and refused to provide document from Harris Bank." [200, ¶ 165 (emphasis added.)] This is a nonsensical timeline.

> 7. **BMO Harris Bank, United States Department of Treasury, IRS, Illinois Department of Insurance, United Service Automobile Association Insurance, CCA Restoration, American Medical Association Insurance, and Health Care Service Corporation Blue Cross Blue Shield**

The facts underlying Plaintiff's claims against Defendants BMO Harris Bank, the United States Department of Treasury, the IRS, the Illinois Department of Insurance, United Service Automobile Association Insurance, CCA Restoration, American Medical Association Insurance, and Health Care Service Corporation Blue Cross Blue Shield are not clear from Plaintiff's Fourth Amended Complaint and exhibits. The allegations concerning these defendants span from at least 1994 through 2010 and seem to involve a foreclosure on Plaintiff's home, a house fire, and various insurance issues.

First, Plaintiff alleges that in July 1994, Defendant BMO Harris Bank "discriminated in delaying closing until after reporting to active duty to defeat the Soldiers and Sailors Act," "used Unfair and Deceptive Acts and Practice with mortgage and closing September 1994, discriminated in violation of USERRA, violated the Equal Credit Opportunity Act, and violated the Fair Housing Act. [200, at ¶¶ 160–61, 163–64, 282–88.] Plaintiff alleges that Defendant Department of Treasury opened an investigation in December 2012 and stated that Plaintiff qualified for a mortgaged but "closed the case in January 2010 [sic] and refused to provide document from Harris Bank." [200, at ¶ 165.] Plaintiff also alleges that "US Treasury failed to investigate the claim." [200, at ¶ 166.] According to Plaintiff, Defendant BMO Harris Bank "received summary judgment and foreclosed the property 1848 N. Sayre Ave, Chicago IL," but that Plaintiff qualified for a mortgage "at least 4 times prior to foreclosure." [200, at ¶¶ 168–69.]

Next, Plaintiff alleges that Defendant United Service Automobile Association Insurance ("USAA") terminated his home insurance after Defendant BMO Harris Bank refused to endorse claim checks. [200, at ¶ 172.] Further, Defendants USAA and BMO Harris Bank conspired and

discriminated to foreclose on Plaintiff's home and "with insurance claims," [200, at ¶ 171, 173], and "USAA discriminated and conspired with CCA Restoration with house fire February 1999," [200 ¶ 170]. Plaintiff also accuses Defendant CCA Restoration of breach of contract, [200, at ¶ 174], and Defendant USAA of breach of a home insurance contract, [200, at ¶ 175]. According to Plaintiff, Defendant CCA Restoration did not "repair house fire up to city of Chicago [sic] codes," and Defendant Illinois Department of Insurance failed to investigate. [200, at ¶¶ 176–77, 200.]

Additionally, Plaintiff makes what appears to be an unrelated claim against Defendants American Medical Association Insurance ("AMA") and Health Care Service Corporation Blue Cross Blue Shield ("HCSC"). Plaintiff alleges that AMA "issued an illegal rider denying any future spine surgeries" in February 2007 and that Defendant AMA breached "contract, policy, and IL insurance code with insurance claims." [200, at ¶¶ 178-79.] Further, Defendant AMA allegedly "willfully conspired to deny a benefit of employment in violation of USERRA." [200, at ¶ 299.] Plaintiff alleges that HCSC breached a contracted and violated Illinois insurance code 215 ILCS 5/155 in denying claims between August 1, 2007 and December 2010, committed common law fraud, and "willfully conspired to breach contract, policy and IL Insurance code." [200, at ¶¶ 180–81, 294.]

Finally, Plaintiff only lists the IRS a Defendant and does not give any detail as to his complaint against the IRS. [See 200, at ¶ 2.]

The Court concludes that Plaintiff has failed to state a claim against Defendants BMO Harris Bank, Department of Treasury, IRS, Illinois Department of Insurance, USAA, CCA Restoration, AMA, and HCSC. Plaintiff does nothing more to support his claims of breach of contract, conspiracy, fraud, and violations of various statutes, than make conclusory statements

that are borderline nonsensical.  It is unclear what sort of discrimination Plaintiff suffered, what provisions of the cited statutes Defendants allegedly violated, and what contracts these Defendants allegedly breached.  See *Swanson*, 614 F.3d at 403 ("It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.")  The Fourth Amended Complaint's lack of clarity would severely disadvantage Defendants in responding to, much less defending against, Plaintiff's claims.  See *Stanard v. Nygren*, 658 F.3d 792, 799 (7th Cir. 2011) (affirming the dismissal of a complaint in which it was "unnecessarily difficult" to decipher the basic legal and factual basis of the claims and explaining that "[t]o form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him").  Thus any claims against these Defendants fail under Rule 8 and Rule 12(b)(6) and are dismissed with prejudice.  See *Garst.*, 328 F.3d at 378 ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Stanard*, 658 F.3d at ("[U]nintelligibility is certainly a legitimate reason for [dismissing a complaint].  Again, the issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.").

Further, assuming for the sake of argument that these claims did not fail under Rule 8 and Rule 12(b)(6), many, if not all, of these claims would also be barred by the statute of limitations. For example, Plaintiff alleges that Defendant BMO Harris Bank used "Unfair and Deceptive Acts and Practice with mortgage and closing September 1994."  [200, at ¶¶ 161.] However, a

claim for unfair, deceptive, or abusive acts or practices must be brought no more than "3 years after the date of discovery of the violation to which an action relates." 12 U.S.C. § 5564(g)(1). Plaintiff filed this lawsuit in November 2013, and thus his claim is barred by the statute of limitations. Additionally, Plaintiff alleges that Defendant BMO Harris Bank violated the Fair Housing Act in August 1994 and in January 2010. [200, ¶¶ 379–80.] However, claims under this statute must be brought no later than "2 years after the occurrence of the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613. Thus, this claim is also time-barred.

### B. Motion for Injunctive Relief [219]

Plaintiff has also filed a motion for injunctive relief [219] requesting "issuing or hearing and discovery on the merits to prevent the continued use of torture, abuse, enhancement and psychotronic [sic] techniques, denial of control [sic] substance and medical license and other illegal action[s] in violation of the US Constitution, federal and state laws by Magna Health Systems et. al. [sic] against Derrick B. Tartt[.]" [219, at ¶ 1.] The motion asserts claims that are mostly duplicative of the claims raised in Plaintiff's now-dismissed Fourth Amended Complaint. [See, *e.g.*, 219, at ¶¶ 1, 13–14, 19, 23.] Accordingly, the motion is denied. See *Wallace v. Parrish*, WL 996758, at \*5 (S.D. Ill. Mar. 17, 2010) (denying a motion for preliminary injunction where the motion was merely a restatement of the incomprehensible claims contained in plaintiff's amended complaint).

The motion is also denied on the alternative basis that Plaintiff has not demonstrated a likelihood of success on the merits of his claims. To obtain a preliminary injunction "the moving party must show that its case has 'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'"

*Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012) (quoting *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011)).   Here, Plaintiff has failed to make the threshold showing that the claims asserted in the motion are likely to succeed on the merits. First, parts of Plaintiff's motion are simply incomprehensible and nonsensical.  [See, *e.g.*, 219, at ¶¶ 5, 11, 21.]  Additionally, Plaintiff is not likely to succeed on the merits on the duplicative claims for the reasons discussed above.   Plaintiff also brings a claim against the Illinois Department of Financial and Professional Regulation ("IDFPR"), alleging that the IDFPR improperly denied him his medical license and controlled substance license.  [See 219, at ¶¶ 23–25, 31–44, 51–62.]  The factual basis underlying Plaintiff's allegations are not clear from his motion.  Plaintiff seeks an injunction "against IDFPR to stop the use [sic] information outside their jurisdiction to include but not limited to claims in federal case 13 CV 8191 (state of Illinois is defendant) or any federal claim made by the plaintiff to deny medical license as the information is outside their jurisdiction, violates attorney client privileges, free speech, due process denied, is frivolous and without merit as a basis for denying medical or control substance license."  [219, at 14 ¶ 2.]  To the extent that the Court can decipher Plaintiff's allegations, Plaintiff has not made an adequate showing that he was improperly denied these licenses and is not likely to succeed on the merits of this claim.  Further, Plaintiff has not demonstrated that he has no adequate remedy at law, as Plaintiff requests damages along with injunctive relief in this motion.  [219, at 14, ¶ 4.]  Therefore, Plaintiff's motion for injunctive relief [219] is denied.

### C.      Motion to Correct Military Commission [222]

Plaintiff has filed a "motion to correct military commission, receive benefits of employment and compensation from the U.S. Army."  [222.]   Plaintiff's claims are duplicative of his now-dismissed Fourth Amended Complaint [200] and now-denied motion for injunctive

relief [219].  [See, *e.g.*, 222 at ¶¶ 2–11, 13, 24–27, 31–35.]  In this motion, Plaintiff requests the same relief as in his Fourth Amended Complaint and motion for injunctive relief, requesting that the Court "1) End the unprecedented abuse and torture of an individual by co-conspiracy-defendants, Magna Health systems, et al. and others, 2) Have each defendant answer the amended complaint or receive default judgment. [sic] 3) Grant Benefits and Damages against US Army * * * 4) Grant the injunction to cease and desist any and all forms of torture(over 20 years) [sic] against the plaintiff. [sic] 5) Discharge the plaintiff from the US Army with compensation, including rank, back pay, retirement and damages."  [222, at ¶ 35.]  Because of the duplicative nature of Plaintiff's allegations and requests for relief, Plaintiff's motion [222] is denied.

## III.     Conclusion

For the reasons stated above, the Court grants Plaintiff's motion to submit evidence in support of amended complaint [209] and motion for an "overview" of the case [214] and has considered the supporting exhibits [210], [211,] and [212].  For the reasons stated in this opinion, as well as the Court's prior opinions in this matter, the Court on its own motion dismisses with prejudice all of Plaintiff's claims in his Fourth Amended Complaint [200].  Plaintiff's motions for injunctive relief [219] and to correct military commission [222] are denied.   The Court will issue a final judgment and close the case.

Dated:  November 7, 2016

_____

Robert M. Dow, Jr.
United States District Judge